## CARTER v. EVANS.

The court having found that an absolute deed to land, of which the defendant had seized the possession, was intended for a mortgage, the mortgagor, who instituted the action, is entitled to an order of reference to have the debt due ascertained, and to have the premises sold for its payment—the surplus, if any, to be paid to the plaintiff.

---

Before WALLACE, J., Chesterfield, September, 1881.

Action by George W. Carter against W. A. Evans. The opinion states the case.

Messrs. *Prince & Ravenel,* for appellant.

Messrs. *Hough & Kennedy,* contra.

July 15, 1882.   The opinion of the court was delivered by.

MR. CHIEF JUSTICE SIMPSON.—The plaintiff appellant in January, 1874, obtained from the defendant $663.   At the same time he executed to the respondent a paper which he alleges he understood at the time to be a mortgage, intended to secure the payment of this sum, but which afterwards, as he learned, was claimed by respondent to be an absolute deed. Some time after the execution of this paper, the respondent obtained possession of the premises by forcibly ejecting appellant.

This action was commenced on August 11th, 1880, the plaintiff appellant alleging the above facts, and claiming that the paper in question, though absolute on its face, was understood and intended by the parties to be a mortgage; that the sum borrowed had been refunded to the respondent by the sale of portions of the land to other parties by the respondent, with plaintiff's consent, and by other creditors; that respondent had subsequently agreed in writing to reconvey the land to the plaintiff, but had failed to do so, respondent claiming to hold the land for the payment of a store account against the plaintiff.   Upon these allegations the complaint prayed specific performance by a reconveyance of the unsold portion of the land, damages for the forcible ejectment, and general relief.   The answer put in issue all of the material allegations of the complaint.

The case was heard at the September term of the Court for Chesterfield County.   The presiding judge submitted certain issues to a jury, which with their findings will be found in the decree, as follows :

"The above stated case having been brought to trial, and the following issues of fact having been submitted to a jury, to wit: *First.* "Was the conveyance from the plaintiff to the defendant intended or understood by the parties to be a mortgage or conditional conveyance, or security for the repayment of money received from defendant? *Second.* Did defendant agree to convey the same to plaintiff or any part thereof upon the payment of a sum of money to him? *Third.* Has the

plaintiff performed his part of the contract by making the payment in any manner? *Fourth.* Did plaintiff rent the land from defendant after the conveyance to defendant?"—and the jury having found upon the first issue as follows, "We consider it a conditional sale or conveyance;" and upon the second issue as follows, "Yes;" upon the third "No;" and upon the fourth issue "He did;" and the court having fully concurred with the jury in their findings of fact, it is therefore ordered, adjudged and decreed that the complaint be and the same is hereby dismissed with costs."

The plaintiff asked his Honor for an order of reference to ascertain the amount still due on the mortgage debt, or that a sale of the land be ordered, the surplus after the payment of the mortgage to be paid to the plaintiff, and for such other order as the justice of the case might require to protect the plaintiff's rights in the premises—which he declined.

The plaintiff appealed on the following grounds: 1. Because his Honor erred in dismissing the complaint, after the finding of the jury that the conveyance was a mortgage for the security of the debt. 2. His Honor erred in refusing a reference to ascertain what was due. 3. His Honor erred in refusing a decree to protect the plaintiff's right in his equity of redemption. 4. His Honor erred in refusing any relief to the plaintiff after agreeing with the jury in their findings. 5. His Honor erred in allowing the conveyance to stand and to operate as an absolute conveyance when the jury found it was only a mortgage. 6. His Honor erred in not rendering a judgment for specific performance of defendant's agreement after proof of part performance by plaintiff. 7. His Honor erred in not granting the relief to which the plaintiff in justice and equity was entitled."

The two prominent facts found by the jury and concurred in by the judge are as follows: *First.* The fact that the paper under which the defendant claims was understood by the parties to be a mortgage or conditional sale for the security of the debt of plaintiff. *Second.* That the mortgage debt has not been fully paid. From these facts it follows, that the relation between the parties is that of mortgagor and mortgagee. They stand before the court in that attitude, and the proper

proceeding for the adjustment of their respective rights under ordinary circumstances would be a proceeding by the mortgagee for the foreclosure of the mortgage. Here, however, the mortgagee is in possession. How he obtained it, does not clearly appear, but he is in possession, and being satisfied has no inducement to institute foreclosure proceedings ; and unless the mortgagor, who is plaintiff here, can obtain redress by becoming the actor, he is without remedy.

Under the findings of fact by the circuit judge, the land stands pledged for the payment of the plaintiff's debt, and is subject to sale for that purpose, the proceeds to be applied first to the debt—the surplus, if any, to go to the plaintiff. Can the respondent, by getting possession of the land and declining to take proceedings himself, prevent the enforcement of plaintiff's right to the surplus, if any. There is no doubt that a portion at least of the debt has been paid ; in fact it seems much the larger portion, and the land in possession of the respondent is probably worth more than the balance of the debt now due. The respondent's right under the mortgage is not to take and hold the land, but it is to have it sold and the proceeds applied ; and if he was now before the court as plaintiff seeking redress, such no doubt would be the decree. Cannot such decree be passed as the parties now stand ?

It is true that the court, unless under peculiar circumstances, would not entertain a complaint by a mortgagor to have the mortgage foreclosed and the mortgage debt paid. There is no precedent for such a case, nor any general principle under which it could be sustained as an independent proceeding. But where other equities intervene entitling the mortgagor to appeal to the equity jurisdiction of the court, the court having assumed jurisdiction will generally go through and enforce all the equities involved.

Here the primary question of contest between the parties was as to the character of the deed executed. The defendant was in possession of the land under this deed, claiming it as an absolute deed of conveyance. The plaintiff denied that it was a conveyance, and claimed it to be a mortgage. The jury found it to be a mortgage. This entitled the plaintiff to appeal

to the court below for redress, by having the deed declared a mortgage, and the land surrendered, either for sale in payment of the debt, if any due, or to the plaintiff, as the equity of the parties might demand, upon the facts as proved.

We think, therefore, upon the facts found, an inquiry should have been had· by reference, or otherwise, as in the judgment of the circuit judge might have been best, as to the precise amount due by the plaintiff to the defendant, and a sale of the premises ordered, the proceeds to be applied in payment of the debt—the surplus, if any, to be paid to the plaintiff.

It is the judgment of this court that the judgment of the circuit court be reversed, and the case be remanded, for such proceedings as may be necessary to carry out the principles herein announced.